IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNY BARCLAY | § | |
| | § | |
| v. | § | CASE NO. |
| | § | |
| MP TECHONOLOGIES, LLC AND | § | |
| KYLE ANDREW HICKS | § | |

**EXHIBIT 2**

    True and correct copies of Plaintiff's Original Petition, Exhibits thereto, and Defendant's

Original Answer are attached hereto as Exhibit 2.

12/27/2017 3:52 PM
Chris Daniel - District Clerk Harris County
Envelope No. 21492644
By: Brittany Hall
Filed: 12/27/2017 3:52 PM

# 2017-85383 / Court: 269

CAUSE NO. _____

| | | |
|---|---|---|
| KENNY BARCLAY, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | _____JUDICIAL DISTRICT |
| | § | |
| MP TECHNOLOGIES, LLC. and | § | |
| KYLE ANDREW HICKS | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiff KENNY BARCLAY, complaining of MP

TECHNOLOGIES, LLC and KYLE ANDREW HICKS Defendants, and files this, his

Original Petition with Requests for Disclosure and for cause of action would respectfully

show the following:

### I.
### Discovery Level

1.1 Plaintiff intends to conduct discovery in this matter under Level 2 of Rule 190 of the

Texas Rules of Civil Procedure.

### II.
### Parties

2.1 Plaintiff, KENNY BARCLAY is a resident of Kemah, Galveston County, Texas.

2.2 Defendant KYLE ANDREW HICKS, is a an individual who is a resident of

McEwen, Tennessee, and can be personally served with process at his residence located

at 232 Railroad Street North, McEwen, Tennessee, 37101.

**EXHIBIT "2"**

2.3  Defendant MP Technologies, LLC is a foreign limited liability company doing business in Texas and can be served through its registered agent, Corporation Service Company, 211 E. 7th Street, Ste. 620, Austin, Texas 78701.

## III.
### Venue

3.1  Venue is proper and maintainable in Harris County, Texas, under the Texas Civil Practice and Remedies Code, as the incident made the basis of this suit occurred in Houston, Harris County, Texas.

## IV.
### Background Facts

4.1  On or about March 7, 2016, Plaintiff KENNY BARCLAY was operating his 2015 GMC SIERRA eastbound on the Sam Houston Tollway, in Houston, Texas. Defendant, Kyle Andrew Hicks was operating a White Tractor Trailer on the same freeway and in the same lane as Plaintiff.  Plaintiff's vehicle came to stop due to a traffic signal when suddenly and without warning Defendant's vehicle struck the rear of Plaintiff's vehicle.

4.2  Nothing Plaintiff did, or failed to do, caused the occurrence in question. Rather, it was the negligence of the Defendants named herein which proximately caused the occurrence and Plaintiff's resulting injuries and damages.

## V.
### Cause of action: Negligence

### (All Defendants)

5.1  Defendant KYLE ANDREW HICKS  was negligent in one or more of the following particulars, each of which acts and/or omissions, individually or collectively, constitute

negligence which proximately caused the collision and the resulting injuries and damages to Plaintiff:

     a. Failing to maintain a proper lookout;

     b. Failing to make proper application of the brakes of his vehicle;

     c. Failing to control speed;

     d. Failing to bring his vehicle to a stop before it collided with Plaintiffs' vehicle;

     e. Failing to turn the vehicle to avoid a collision;

     f. Operating a vehicle at a rate of speed in excess of that which it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances;

     g. Being inattentive and failing to maintain proper control of his vehicle;

     h. Operating his vehicle in a reckless manner;

     i. Failing to obey applicable traffic signals or signs; and

     j. Violations of the Texas Transportation Code and the Federal Motor Carrier Safety Regulations.

5.2    The negligence of KYLE ANDREW HICKS was a proximate cause of the collision and Plaintiff's injuries and damages.

5.3    Defendant, MP TECHNOLOGIES, LLC is legally responsible to Plaintiff for the negligent conduct of Defendant KYLE ANDREW HICKS under the legal doctrines of *respondeat superior*, agency and/or ostensible agency because Defendant KYLE

**EXHIBIT "2"**

ANDREW HICKS was at all times material hereto an agent, ostensible agent, servant and/or employee of MP TECHNOLOGIES, LLC and was acting within the course and scope of such agency or employment. As a result thereof, Defendants MP TECHNOLOGIES, LLC is liable for all negligence of Defendant KYLE ANDREW HICKS.

5.4  Defendant MP TECHNOLOGIES, LLC was also negligent in hiring an incompetent or unfit employee and/or in failing to properly train, instruct and supervise Defendant KYLE ANDREW HICKS. Defendant MP TECHNOLOGIES, LLC failed to provide the proper training and instruction to Defendant KYLE ANDREW HICKS which would have provided him with the proper skills and knowledge to avoid the collision which forms the basis of this lawsuit. Defendant MP TECHNOLOGIES, LLC's negligent hiring of and failure to properly instruct and train its driver was a proximate cause of the accident and Plaintiff's resulting injuries and damages.

## VI.
### Cause of action: Negligence Per Se

### (All Defendants)

6.1 Defendant KYLE ANDREW HICKS' acts and omissions also constitute negligence per se as that term is defined under Texas law. Specifically, KYLE ANDREW HICKS' acts or omissions violated the following statutory duties:

   a. Duty to control speed as necessary to avoid colliding with another vehicle that is on the highway. Tex. Trans. Code. 545.351;

   b. Duty to maintain an assured clear distance between the two vehicles, so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle . . ." V.T.C.A., Transportation Code §545.062 (a).

**EXHIBIT "2"**

      c. Other violations of the Texas Transportation Code and the Federal Motor
          Carrier Safety Regulations.

6.2 Plaintiff is within the class of persons meant to be protected by these statutes,

specifically, travelers on the roadway. Defendant's violation of these statutes were the

proximate cause of the collision and Plaintiff's injuries and damages.

6.3 Defendant, MP TECHNOLOGIES, LLC is legally responsible to Plaintiff for the

negligent per se conduct of Defendant KYLE ANDRE HICKS under the legal doctrines

of *respondeat superior*, agency and/or ostensible agency because Defendant KYLE

ANDREW HICKS was at all times material hereto an agent, ostensible agent, servant

and/or employee of MP TECHNOLOGIES, LLC and was acting within the course and

scope of such agency or employment. As a result thereof, Defendant MP

TECHNOLOGIES, LLC is liable for all negligence per se conduct of Defendant KYLE

ANDREW HICKS.

## VII.
## Damages

7.1 The actions and conduct of the Defendants set forth above are the proximate cause of

Plaintiff KENNY BARCLAY's serious injuries. KENNY BARCLAY's damages

include, but are not limited to, physical pain, mental anguish, disfigurement, physical

impairment, limitation of activities and loss of enjoyment of life. In reasonable

probability, Plaintiff will continue to suffer physical pain, mental anguish, disfigurement,

physical impairment, limitation of activities and loss of enjoyment of life in the future.

Further, because of the action and conduct of the Defendants herein, Plaintiff has

sustained very painful and disabling physical injuries which have caused him to sustain

lost wages in the past and will cause them to sustain lost wages and a loss of wage earning capacity in the future. Because of the nature and severity of the injuries sustained, Plaintiff has required medical treatment in the past and, in reasonable probability, will require other and additional treatment in the future. Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

## VIII.
### TRCP Rule 47 Statement of Relief Sought

8.1     Pursuant to Texas Rule of Civil Procedure 47, Plaintiff states that he seeks monetary relief over $200,00 but not more than $1,000,000, and judgment for all other relief to which Plaintiff is justly entitled.  Plaintiff expressly reserves the right to amend her Rule 47 statement of relief if necessary.

## IX.
### Pre and Post-judgment interest

9.1  Additionally, Plaintiff will show that he is entitled to recover pre and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiff here and now sues for recovery of pre and post-judgment interest as provided by law and equity, under the applicable provision of the laws of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer and that, upon final trial hereof, Plaintiff has judgment against Defendants, jointly and severally, that they recover their damages in accordance with the evidence, that they recover costs of Court herein expended, that they recover interest, both pre- and post-judgment to which they are entitled under the law, and for such other

and further relief, both general and special, legal and equitable, to which they may be justly entitled.

## X.

### Request for Disclosure

10.1 Both Defendants, pursuant to Rule 194 of the Texas Rules of Civil Procedure, are requested to disclose to Plaintiff's attorneys, on or before 50 days after service of this request, the information or material described in Rule 194.2(a), (b), (c), (d), (e), (f) (1) (2) (3) (4) (a) (b), (g),(h), (i), (j), (k) and (l).

Respectfully submitted,

THE SOILEAU LAW FIRM

*/s/ Christopher Soileau*
Christopher R. Soileau
TBN: 24059068
P.O. BOX 1749
Deer Park, Texas 77536
Telephone (713) 341-0220
Facsimile   (713) 341-0222
chris@thesoileaulawfirm.com
COUNSEL FOR PLAINTIFF

CAUSE NO. 2017-85383

| | | |
|---|---|---|
| KENNY BARCLAY, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| v. | § | 269th JUDICIAL DISTRICT |
| | § | |
| MP TECHNOLOGIES, LLC | § | |
| KYLE ANDREW HICKS | § | |
| *Defendants.* | § | HARRIS COUNTY, TEXAS |

## DEFENDANT MP TECHNOLOGIES, LLC'S
## ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Defendant MP Technologies, LLC ("Defendant") and files its Original Answer to Plaintiff Kenneth Barclay's ("Plaintiff") Original Petition and Requests for Disclosure and would show unto the Court as follows:

### I.
### GENERAL DENIAL

1.      Defendant generally denies each and every one of Plaintiff's allegations as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully request that the Court and Jury require Plaintiff to prove his claims, charges, and allegations by that standard of evidence as required by the Constitution and Laws of the State of Texas and the Constitution and Laws of the United States of America.

### II.
### AFFIRMATIVE DEFENSES

2.      Pleading further and in the alternative, Defendant would show that the occurrence in question, as well as the damages complained of, were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of Plaintiff.

1

3.     Pleading further and in the alternative, Defendant asserts that the occurrence in question, as well as the damages complained of, were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties, persons, or entities over whom Defendant had no right of control nor for whom Defendant was legally responsible.  Accordingly, Defendant is entitled to a jury instruction on sole proximate cause and new and independent or superseding cause.

4.     Pleading further and in the alternative, in the unlikely event they are found liable to Plaintiff, Defendant would show that they are entitled to a reduction for the negligence, liability, fault, or other conduct attributable to any other party, individual, or entity in accordance with the Doctrine of Comparative Fault as enunciated by the Supreme Court of the State of Texas.

5.     Pleading further and in the alternative, Defendant is entitled to a credit or offset for all monies or consideration paid to Plaintiff by virtue of any type or form of settlement agreement entered into by and between Plaintiff and any other person or entity not a party to this litigation.

6.     Pleading further and in the alternative, Defendant asserts the affirmative defenses of accord and satisfaction, arbitration and award, assumption of the risk, release, payment, credit, offset, and waiver.

7.     Pleading further and in the alternative, in the event that Defendant is found liable to Plaintiff, Defendant is entitled to contribution, credit, and/or indemnity as provided by the laws and statutes of the State of Texas, including but not limited to, the provisions of Chapter 32 and Chapter 33 of the Texas Civil Practice and Remedies Code, as well as other applicable laws and statutes.

2

**EXHIBIT "2"**

8.     Pleading further and in the alternative, Defendant alleges that the injuries and/or damages allegedly sustained by Plaintiff were caused, in whole or in part, by prior or subsequent medical problems, injuries, conditions or accidents involving or pertaining to Plaintiff.

9.     Pleading further and in the alternative, Defendant asserts that, at all material times, Plaintiff failed to mitigate his injuries and damages, as would have been done by a reasonable and prudent person; Plaintiff's failure to mitigate his injuries and damages proximately caused or at least contributed to his claimed injuries and damages.

10.     To the extent that the medical expenses claimed by Plaintiff exceed the amount actually paid or incurred by or on behalf of him, Defendant asserts the statutory defense set forth in Section 41.0105 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

11.     For any claims for lost wages or loss of future earning capacity, Defendant further invokes the limitation contained within Section 18.091 of the TEXAS CIVIL PRACTICES AND REMEDIES CODE.

12.     For any claims for punitive damages and/or pre-judgment interest, Defendant invokes the limitations on punitive and/or exemplary damages and prejudgment interest contained in the TEXAS CIVIL PRACTICES AND REMEDIES CODE.  Furthermore, Defendant hereby provides notice of its intention to bifurcate any and all issues relating to exemplary damages from the liability and actual damages phase of trial.

### III.
### RULE 193.7 NOTICE

13.     Defendant expressly invokes Rule 193.7 of the Texas Rule of Civil Procedure and provides notice of its intention to use any and all documents produced in discovery responses as evidence in any pre-trial proceeding or trial itself.

3

**EXHIBIT "2"**

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing and that all relief required by Plaintiff be denied, and that this suit be dismissed with prejudice. Defendant respectfully requests any and all relief to which this Honorable Court finds it entitled.

Respectfully submitted,

GALLOWAY, JOHNSON, TOMPKINS,
   BURR & SMITH

   //s// Branch M. Sheppard
Branch M. Sheppard
State Bar No. 24033057
bsheppard@gallowaylawfirm.com
1301 McKinney Street, Suite 1400
Houston, Texas 77010
(713) 599-0700 – telephone
(713) 599-0777 – facsimile
**ATTORNEYS FOR DEFENDANT,
MP TECHNOLOGIES, LLC**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served as indicated below in accordance with the Texas Rules of Civil Procedure to the following on this 13th day of February, 2018:

*Via E-Service:*
CHRISTOPHER SOILEAU
THE SOILEAU LAW FIRM
P.O. BOX 1749
DEER PARK, TEXAS 77536

   //s//Branch M. Sheppard
Branch M. Sheppard

4

**EXHIBIT "2"**